## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **BRETT O'BRIEN** | ) | |
| 2005 Chestnut Hills Drive | ) | |
| Cleveland Heights, Ohio 44106 | ) | |
| | ) | |
| Plaintiff, | ) | |
| V. | ) | |
| | ) | |
| **DEPARTMENT OF DEFENSE** | ) | **Civil Action No:_____** |
| 1000 Defense Pentagon | ) | |
| Washington, District of Columbia 20301 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **DEPARTMENT OF THE ARMY** | ) | |
| 101 Army Pentagon | ) | |
| Washington, District of Columbia 20310 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **UNITED STATES ARMY TRAINING** | ) | |
| **AND DOCTRINE COMMAND** | ) | |
| 950 Jefferson Avenue | ) | |
| Fort Eustis, Virginia 23604 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **UNITED STATES ARMY CADET** | ) | |
| **COMMAND** | ) | |
| 1st Cavalry Regiment Road | ) | |
| Fort Knox, Kentucky 40121-5123 | ) | |
| | ) | |
| **As to each Defendant Serve:** | ) | |
| Justin Herdman | ) | |
| United States Attorney for The | ) | |
| Northern District of Ohio | ) | |
| 801 West Superior Avenue, Suite 400 | ) | |

Cleveland, Ohio 44113-1852 **)**
**)**
Attorney General of the **)**
United States **)**
U.S. Department of Justice **)**
10th & Constitution Avenue, NW **)**
Washington, District of Columbia 22314 **)**
**)**
_____Defendants._____**)**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

For its Complaint, Brett O'Brien ("Mr. O'Brien"), by undersigned counsel, states as follows:

## FREEDOM OF INFORMATION ACT ACTION

1.      This is an action under the Freedom of Information Act ('FOIA"), 5 U.S.C. §552, seeking the release of agency records requested by Mr. O'Brien from the United States Army Cadet Command ("USACC") and the United States Army Training and Doctrine Command (TRADOC"), both agencies are component commands of the Department of the Army ("Army"), which is a military department of the Department of Defense ("DOD").

2.      This action challenges the Army, TRADOC, and USACC's failure to disclose and release documents and records in response to Katherine O'Brien's, Mr. O'Brien's attorney, letter dated November 14, 2019 FOIA request (the "Request").

3.      Pursuant to 5 U.S.C. §552, the Army, TRADOC, and USACC owed Mr. O'Brien a response to his FOIA request within 20 business days.  The Army, TRADOC, and USACC failed to provide a response by December 12, 2019, the 20th business day.

4.     Pursuant to 5 U.S.C. §552(a)(6)(C)(i), Mr. O'Brien has exhausted his administrative remedies.  The Army, TRADOC, and USACC's failure to respond within the 20 day time limit shall be deemed "to have exhausted his administrative remedies with respect" to Mr. O'Brien's FOIA request.

5.     Mr. O'Brien respectfully requests that the Court order the Army, TRADOC, and USACC to immediately disclose and release all records responsive to the Request, and enjoin the DOD, Army, TRADOC, and USACC from withholding from disclosure certain records of USACC within their possession and control.

<u>**PARTIES**</u>

6.     Mr. O'Brien is a U.S. citizen whose domicile is located 2005 Chestnut Hills Drive, Cleveland Heights, Ohio 44106.

7.     The DOD is a federal government agency within the meaning of 5 U.S.C. §552(f)(1).  The Army is a military department and component of the DOD, which is headquartered in Washington, D.C. TRADOC is an assigned Army major command that oversees the training of Army forces and development of operational doctrine and is headquartered at Fort Eustis, Virginia.  USACC is a subordinate command of TRADOC that partners with universities to recruit, educate, train, and commission leaders of character for the Total Army and partners with high schools to develop accomplished, responsible citizens who value service to their communities.  The Army, TRADOC, and USACC are also considered agencies within the meaning of 5 U.S.C. §552(f)(1).  TRADOC and USACC are in possession, custody and control over documents and records to which Mr. O'Brien seeks access.

## JURISDICTION

8.    The Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

9.    Venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B) as Mr. O'Brien maintains his primary residence in Cleveland, Ohio.

## BACKGROUND

10.   On or about November 5, 2019, Mrs. O'Brien submitted a FOIA request to INSCOM, on behalf of Mr. O'Brien, asking for how the Department of Army processes waiver requests for individuals who seek to be released from their service obligations prior to completing the terms of their service obligation.  Mrs. O'Brien submitted this request to better understand how the Department of the Army manages financial obligations while balancing the needs of recruiting and retaining talented employees.

11.   INSCOM confirmed receipt on November 7, 2019 and provided a letter dated November 7, 2019 informing Mrs. O'Brien that INSCOM was referring portions of the request that they could not answer to the appropriate Army commands that could answer the request.

12.   On November 18, 2019, Mr. James Kennedy ("Kennedy") from USACC's FOIA and Privacy Act Office emailed Mrs. O'Brien a letter asking for Mrs. O'Brien to specify the amount of money she was willing to pay for the records request and informing Mrs. O'Brien that USACC only had a portion of the records that were requested.  Furthermore, he incorrectly stated that the request was not perfected because Mrs. O'Brien did not previously provide a limit to the amount of money she was willing to pay in processing fees and cited 32 C.F.R. § 286.7, the General Provisions section of the statute. The letter incredulously further misstated, "The

4

request is considered properly received or perfected, when the conditions in this paragraph have been met and the request arrives at the FOIA office of the activity in possession of the records." Thereby implying that the request was not perfected until Mrs. O'Brien informed Kennedy of the limit of the processing fees she was willing to pay.

13.     A request is considered perfected when it "reasonably describes the records sought and is made in accordance with the agency's regulations."

14.     On November 18, 2019, Mrs. O'Brien responded to Mr. Kennedy's email where she expressed a willingness to pay up to $200 as well as responding to questions about her request.   In response to Mrs. O'Brien's email, Mr. Kennedy assigned the FOIA request a control number of FA-20-0006.

15.     On December 12, 2019, Mr. Kennedy emailed Mrs. O'Brien informing her that the subsequent FOIA request on December 9, 2019 to INSCOM, with control number FA-20-0009, was being aggregated with the November 14, 2019, with a control number of FA-20-0007.

16.     A December 12, 2019 letter aggregated the two requests under control number FA-20-0007, which they identified as the control number assigned to the November 14, 2019 request.  This was a typo on the behalf of USACC because in their November 18, 2019 they assigned a control number of FA-20-2006, but referred to Mrs. O'Brien's FOIA request as FA-20-0007 in their December 12, 2019 letter.  This typo is confirmed because in USACC's December 18, 2019 letter Kennedy referred to the aggregated cases as FA-20-2006.

17.     On December 12, 2019, Kennedy emailed Mrs. O'Brien seeking further clarification on her FOIA requests.  Mr. Kennedy stated that he intended to administratively

close the case.  Mrs. O'Brien responded by reminding him that he had an obligation under the federal statute to process her request.  Furthermore, she had made multiple efforts to explain and clarify any confusion about her request.  Her efforts included explaining to USACC what was meant by the term "record."

18.     On December 17, 2019, Kennedy emailed Mrs. O'Brien USACC's estimated fee estimate.  This email was sent well after the 20 day processing timeline requirements.

19.     In the letter dated December 17, 2019, USACC informed Mrs. O'Brien that her request would have an estimated cost of $20,940.00.  They estimated that the search would take "436.25 hours of professional level manual search time."

20.     On December 17, 2019, Mrs. O'Brien responded to USACC's letter by reminding them that their 20 day processing timeline had passed and because of this fact USACC could not charge a fee associated with the first 5,000 pages of responsive records.  Mrs. O'Brien reminded them that these changes were outlined in Section 2 of the FOIA Improvement Act of 2016.  Furthermore, Mrs. O'Brien sought confirmation from USACC that their astronomical $20,940 figure represented the estimated costs above the first 5,000 pages that were responsive to her request.  Finally, Mrs. O'Brien highlighted that their letter did not: (1) provide the necessary information for appeal rights; and (2) the letter did not breakdown the amount of time it would take to search electronically versus manually.  In short, USACC's letter was deficient and it did not provide a sufficient explanation to inform Mrs. O'Brien about whether it was necessary to modify her request.

21.     On December 18, 2019, Anastasia Kakel ("Kakel"), Chief Records Management Office TRADOC, called Mr. O'Brien to discuss a narrowing of the FOIA request, control

number - FA-20-2006. In short, Kakel explained how they identified potentially 4,900 cases that were responsive to the FOIA request, but that she did not know if the individuals in those cases had submitted waivers. Therefore, she attempted to have Mr. O'Brien agree to a non-representative sample of 79 cases with no guarantees that those cases included waiver requests. Mr. O'Brien reminded Kakel of her responsibility to provide the first 5,000 responsive pages free of charge and she responded "I believe we reached an impasse," at which point Mr. O'Brien reminded her that it is not an impasse because she has to provide the first 5,000 pages that are responsive to the FOIA request. Mr. O'Brien further reminded her that because a FOIA request may be difficult is not a sufficient basis to deny a request and attempt to scare away a requestor by providing an exorbitantly high fee estimate.

22. On December 18, 2019, TRADOC provided their Interim and Denial response. In the letter TRADOC explained that "The statutory working day time limit to process your request, is not expected to be met due to unusual circumstances." They specifically stated in their letter, "This decision is considered a TRADOC denial of response within the 20-day working day time limit to your FOIA request." The 20th working day from November 14, 2019 was December 12, 2019; therefore, they could no longer request an extension of their processing timelines.

23. Furthermore, TRADOC changed the date of receipt of Mrs. O'Brien's FOIA request, control number FA-20-0006 to December 17, 2019. Not only did TRADOC miss the processing timelines set forth in the statute but they also manipulated the date of receipt of the FOIA request.

24. On January 8, 2020, Kakel emailed Mrs. O'Brien if she wanted to continue her search fees. TRADOC had spent $144.00 of the $200.00 Mrs. O'Brien had expressed a

willingness to pay for and Kakel would be happy to have someone continue until the $200.00 threshold was met. This email demonstrates a continued lack of understanding of the agency requirements pursuant to the statute.

25. Pursuant to 5 U.S.C. §552 the government has a responsibility to weigh the public's right to information versus the potential harm that the release could cause. The public has a legitimate interest in knowing how the government processes waiver requests related to when an individual was released from their service obligation prior to completing the terms of the service obligation. This information is relevant because it informs the public about how the Army attracts and retains talent compared to the corporate world. In effect, it is ensuring the proper administration and oversight of the taxpayer's money.

## COUNT 1
### (Violation of FOIA - Failure to Comply with Statutory Deadlines)

26. Mr. O'Brien incorporates by reference all prior paragraphs of this Complaint as fully set forth herein.

27. The Army's failure to respond to O'Brien's Appeal violated the statutory deadline imposed by the FOIA in 5 U.S.C. §552(a)(6)(A)(ii).

28. Mr. O'Brien has exhausted all applicable administrative remedies with respect to its FOIA Request.

29. Mr. O'Brien is entitled to declaratory and injunctive relief compelling the release and disclosure of the documents and records requested from TRADOC and USACC.

30. Mr. O'Brien is also entitled to its attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E).

## COUNT II
### (Violation of FOIA - Unlawful Withholding of Agency Records)

31.     Mr. O'Brien incorporates by reference all prior paragraphs of this Complaint as fully set forth herein.

32.     The Army, TRADOC, and USACC are unlawfully withholding records requested by Mr. O'Brien pursuant to 5 U.S.C. §552.

33.     Mr. O'Brien has a statutory right to the documents and records it seeks from the Army, TRADOC, and USACC.

34.     The Army, TRADOC, and USACC have no legitimate or legal basis to withhold the documents and records Mr. O'Brien seeks in his FOIA request.

35.     Mr. O'Brien has exhausted all applicable administrative remedies with respect to his FOIA Request, and there is no basis for further delay of the disclosure and production of TRADOC and USACC's responsive documents and records.

36.     Mr. O'Brien is entitled to declaratory and injunctive relief compelling the release and disclosure of the documents and records requested from TRADOC and USACC.

37.     Mr. O'Brien is also entitled to its attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C.  §552(a)(4)(E).

### COUNT III
### (Violation of the Administrative Procedures Act)

38.     Mr. O'Brien incorporates by reference all prior paragraphs of this Complaint as fully set forth herein.

39.     The Army, TRADOC, and USACC are causing Mr. O'Brien to suffer legal wrong pursuant to 5 U.S.C. §702.

40.     The Army, TRADOC, and USACC are causing this legal harm by acting arbitrary and capricious in determining to withhold documents and records that Mr. O'Brien seeks in his FOIA Request.

41.     Mr. O'Brien has exhausted all applicable administrative remedies with respect to his FOIA request.

42.     Mr. O'Brien is entitled to declaratory and injunctive relief compelling the release and disclosure of the documents and records requested from TRADOC and USACC.

43.     Mr. O'Brien is also entitled to its attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C.  §552(a)(4)(E).

## PRAYER FOR RELIEF

O'Brien respectfully requests that the Court:

1.     Declare the DOD's, Army's, TRADOC's, and USACC's failure to comply with FOIA to be unlawful;

2.     Order TRADOC and USACC to conduct an independent and comprehensive search of its documents and records in response to Mr. O'Brien's FOIA Request, control number FA-20-2006;

4.     Order the Army, TRADOC, and USACC to produce all responsive records without further delay or charge;

5.     Enjoin the DOD, Army, TRADOC, and USACC from continuing to withhold records responsive to O'Brien's FOIA Request;

6.     Award Mr. O'Brien attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C.  5§52(a)(4)(E); and

7.    Grant such other relief as the Court deems just and proper.


Dated:                                                                    Respectfully submitted,


                                                                          By:_____
                                                                              KATHERINE O'BRIEN, ESQ.
                                                                              Katherine O'Brien Law, LLC
                                                                              344 Grove Street, Suite 500
                                                                              Jersey City, NJ 07302
                                                                              Phone:  (856) 832-2482
                                                                              Fax:     (856) 832-2483