UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT O'BRIEN | ) | CASE NO.: 1:20-CV-816-JG |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF DEFENSE; | ) | |
| DEPARTMENT OF THE ARMY; | ) | |
| UNITED STATES ARMY TRAINING | ) | DEFENDANTS' ANSWER |
| AND DOCTRINE COMMAND; AND | ) | |
| UNITED STATES ARMY CADET | ) | |
| COMMAND | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Department of Defense, Department of the Army, United States Army Training and Doctrine Command, and United States Army Cadet Command (collectively "Defendants") hereby answer Plaintiff's Complaint as follows:

1.    The first part of Paragraph 1 describes the nature of the complaint and contains no factual allegations requiring a response. As to the second part of paragraph 1, Defendants admit that the U.S. Army Cadet Command ("USACC") and the U.S. Army Training and Doctrine Command ("TRADOC") are components of the United States Army, which is a military arm of the Department of Defense ("DOD").

2.    Defendants admit that Attorney Katherine O'Brien sent a letter to the Director of FOIA/PA and USA Investigative Record Repository Office of U.S. Army Intelligence and Security Command (INSCOM), dated November 19, 2019, and received via email on November 22, 2019, seeking documents and records on behalf of Plaintiff Brett O'Brien. Defendants admit that this letter amounted to a request under the Freedom of Information Act ("FOIA"). This request was given the internal tracking number 0098F-20. The remainder of Paragraph 2

describes the nature of the complaint and contains no factual allegations requiring a response.

3. Defendants admit that they had 20 days from the date the FOIA request was perfected to respond to the request. Defendants deny the remaining allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny that they have withheld records from disclosure. The remainder of Paragraph 5 describes Plaintiff's prayer for relief and contains no factual allegations requiring a response.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the information in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7 with the exception of the last sentence. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of this allegation.

8. Paragraph 8 relates to jurisdiction and contains no factual allegations requiring a response.

9. Paragraph 9 relates to venue and contains no factual allegations requiring a response.

10. Defendants admit that Attorney Katherine O'Brien sent a letter to the Director of FOIA/PA and USA Investigative Record Repository Office of INSCOM, received via email on November 5, 2019, seeking documents and records on behalf of Plaintiff Brett O'Brien that would show how the Army processes waiver requests for individuals who seek to be released from their service obligations prior to completing them. This request was given the internal tracking number 0067F-20. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10.

11. Defendants admit that they responded in a letter dated November 7, 2019, and that they referred Plaintiff's request, in its entirety, to the appropriate Army commands. Defendants further state that all written correspondence speaks for itself.

12. Defendants admit that James Kennedy from USACC sent an email letter to Mrs. O'Brien dated November 18, 2019, asking how much money Plaintiff was willing to pay for the records and truthfully stating that USACC only had a portion of the records that were requested. Defendants further state that all written correspondence speaks for itself. Defendants deny the remaining allegations in Paragraph 12.

13. Defendants deny the allegations in Paragraph 13.

14. Defendants admit that an email from katherine@katherineobrienlaw.com was received by Mr. Kennedy on November 18, 2019, and expressed a willingness to pay up to $200. This email was signed by "Brett." Defendants admit that the FOIA request was assigned number FA-20-0006. Defendants further state that all written correspondence speaks for itself. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15. Defendants further state that all written correspondence speaks for itself.

16. Defendants admit the allegations in Paragraph 16. Defendants further state that all written correspondence speaks for itself.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants admit that Mr. Kennedy emailed both Mr. and Mrs. O'Brien on December 17, 2019. Defendants deny the remaining allegations in Paragraph 18. Defendants further state that all written correspondence speaks for itself.

19. Defendants admit the allegations in Paragraph 19, but aver that the email from

Mr. Kennedy was addressed to both Mr. and Mrs. O'Brien. Defendants further state that all written correspondence speaks for itself.

20. Defendants deny the allegations in Paragraph 20. Defendants further state that all written correspondence speaks for itself.

21. Defendants admit that Anastasia Kakel and Mr. O'Brien had a telephone conversation on December 18, 2019. Defendants deny the remaining allegations in Paragraph

22. Defendants deny that TRADOC sent a letter dated December 18, 2019, and aver that TRADOC sent a letter dated December 19, 2019. Defendants state that all written correspondence speaks for itself. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants admit that Ms. Kakel sent an email to both Mr. and Mrs. O'Brien on January 8, 2020. Defendants state that all written correspondence speaks for itself. Defendants deny the remaining allegations in Paragraph 24.

25. Defendants acknowledge their responsibilities under 5 U.S.C. § 522. Defendants deny the remaining allegations in Paragraph 25.

26-30. Paragraphs 26-30 describe the nature of Count I and are not factual allegations requiring a response. To the extent a response is required, Defendants deny the allegations in Paragraphs 26-30.

31-37. Paragraphs 31-37 describe the nature of Count II and are not factual allegations requiring a response. To the extent a response is required, Defendants deny the allegations in Paragraphs 31-37.

38-43. Paragraphs 38-43 describe the nature of Count III and are not factual allegations requiring a response. To the extent a response is required, Defendants deny the allegations in

Paragraphs 38-43.

1-7. Paragraphs 1-7 under the heading "Prayer for Relief" describe Plaintiff's prayer for relief and contain no factual allegations requiring a response.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to exhaust his administrative remedies before filing suit with respect to some or all of his claims.

### THIRD DEFENSE

Defendants have met all of their obligations under the Freedom of Information Act.

### FOURTH DEFENSE

Any withheld documents were properly withheld under the Freedom of Information Act.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney
Northern District of Ohio

By: /s/ Karen E. Swanson Haan
KAREN E. SWANSON HAAN (#0082518)
Assistant United States Attorney
Carl B. Stokes United States Courthouse
801 W. Superior Avenue, Suite 400
Cleveland, OH 44113
Phone: 216-622-3600
Email: Karen.Swanson.Haan@usdoj.gov

*Attorney for Defendants*